IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | Case No. 23 B 00947 |
| Venus Om, | ) | |
|         Debtor. | ) | Chapter 7 Case |
| | ) | Judge Timothy A. Barnes |
| Venus Om, | ) | |
|         Plaintiff, | ) | |
| v. | ) | Adversary No. 23-66 |
| | ) | |
| US Dept. of Education, | ) | |
|         Defendant. | ) | |

### ANSWER OF DEFENDANT, EDUCATIONAL CREDIT MANAGEMENT CORPORATION, TO COMPLAINT FOR HARDSHIP DISCHARGE PURSUANT TO 11 U.S.C. 523(a)(8)(B)

Defendant, Educational Credit Management Corporation ("ECMC"), by and through its attorneys, Latimer LeVay Fyock LLC, for its Answer to the Complaint for Hardship Discharge Pursuant to 11 U.S.C. 523(1)(8)(B) in this matter, states as follows:

1. Venus Om is the Debtor in Chapter 13 bankruptcy case, filed on January 25, 2023, (the "Petition Date") and pending before this Court as case number 23 B 00947.

**Answer:** Admitted.

2. The Defendant, the U.S. Department of Education, is headquartered in Washington D.C. and is the holder of certain debts that were included in the bankruptcy and were incurred by Plaintiff as educational loans.

**Answer:** ECMC lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph.

3. This Honorable Court has jurisdiction pursuant to 28 U.S.C. §§157 and 1334 because this adversary proceeding arises under and is related to Debtor's above captioned bankruptcy case pending in this Court. This Adversary Proceeding constitutes a core proceeding

within the meaning of 28 U.S.C. § 157(B)(2). Venue is proper pursuant to 28 U.S.C. § 1409.

**Answer:** Admitted.

    4.    The Statuary [sic] basis for the relief requested is 11 U.S.C. §523(a)(8)(B).

**Answer:** Admitted.

    5.    Plaintiff attended college in attempt to earn a degree and borrowed tens of thousands of dollars in federal student loans now held by the Defendant.

**Answer:** ECMC admits only that Plaintiff borrowed certain funds in federal student loans currently held by ECMC as guarantor. ECMC lacks the knowledge and information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

    6.    Over the years, Plaintiff has made several payments on the loans when Plaintiff could and has requested deferments or forbearances when Plaintiff could not.

**Answer:** ECMC lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph.

    7.    Despite Plaintiff's efforts, Plaintiff has made no progress with paying down the loans. As of the date of the petition Plaintiff owes as follows:

- U.S. Department of Education - $86,108.00.

**Answer:** Denied; answering further, ECMC holds some of the student loan debt owed by Plaintiff. ECMC lacks the knowledge and information sufficient to form a belief as to the truth of the allegations in this paragraph related to debt that may be owed to other creditors.

    8.    If Plaintiff is forced to repay these loans, it will impose an undue hardship on the Plaintiff, as described in 11 U.S.C. § 523(a)(8)(B).

**Answer:** Denied.

    9.    In determining whether student loans impose an undue hardship, many courts have

adopted the framework known as the Brunner test that was laid out in Brunner v. N.Y. State Higher Educ. Servs. Corp., 831 F. 2d 395 (2d Cir. 1987).

**Answer:** Admitted.

10. Under the Brunner test, the Debtor will prevail if the Debtor can establish that (1) the debtor cannot presently maintain a minimal standard of living if required to repay the student loans (2) circumstances exist that indicate the debtor's financial situation is likely to persist into the future for a significant portion of the loan repayment period, and (3) the debtor has made good faith efforts in the past to repay the student loan. Id. at 396.

**Answer:** Admitted.

11. Plaintiff cannot presently maintain a minimal standard of living if required to repay these loans, as clearly evidenced by Plaintiff's budget.

**Answer:** Denied.

12. Present circumstances indicate that Plaintiff's financial situation is likely to persist into the future as Plaintiff did not obtain the degree for which the loans were procured.

**Answer:** Denied.

13. The Plaintiff has acted in good faith in attempting to repay the loans as Plaintiff has previously made payments on the loans when Plaintiff could and applied for deferment or forbearance on the loans. Plaintiff further applied for Income Driven Repayment Plan and federal consolidation loan.

**Answer:** The first sentence of this paragraph is denied. ECMC lacks knowledge and information sufficient form a belief as to the truth of the remaining allegations in this paragraph.

14. Plaintiff has further engaged meaningfully regarding payment options, forbearance or loan consolidation and with a 3 party to assist in managing the debt.

**Answer:** Denied.

15.     Plaintiff cannot pay these loans back and maintain a minimal standard of living. Repayment of these loans would impose an undue hardship on the Plaintiff within the meaning of the Bankruptcy Code.

**Answer:** Denied.

WHEREFORE, for the above and foregoing reasons, Educational Credit Management Corporation requests that judgement in this matter be entered in its favor, with costs.

> Respectfully submitted,
>
> Educational Credit Management Corporation,
>
> By:     /s/ Saskia Nora Bryan
>           One of its Attorneys

**Saskia Nora Bryan, ARDC No. 06255682**
**LATIMER LeVAY FYOCK LLC**
55 W. Monroe Street, Suite 1100
Chicago, Illinois  60603
(312) 422-8000
(312) 422-8001 (fax)
Email: sbryan@llflegal.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on May 30, 2023, the foregoing Answer to Complaint was filed via the U.S. Bankruptcy Court for the Northern District of Illinois CM/ECF electronic document filing system, which will send notice and service on the following attorneys and parties of record:

*Attorney for Plaintiff*
Mark E Bredow
The Semrad Law Firm
11101 S. Western Avenue
Chicago, IL 60643
312-680-1817
Fax : 312-680-1838
Email: mbredow@semradlaw.com

*Attorney for Defendant U.S. Department of Education*
David DeCelles
U.S. Attorney's Office
219 South Dearborn Ave., Room 500
Chicago, IL 60604
(312) 353-4220
Email: david.decelles@usdoj.gov

                                                    /s/ Saskia Nora Bryan

4874-7049-7383, v. 1